**Milton A. CARRERA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–75453.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2008.*

Filed Sept. 22, 2008.

Janet L. Cullum, Esquire, Cooley Godward Castro Huddleson & Tatum, Jeffrey M. Kaban, Esquire, Lori Ploeger, Cooley Godward Kronish, LLP, Palo Alto, CA, for Petitioners.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Margaret A. O'Donnell, Esquire, OIL, U.S. Department of Justice, Washington, DC, for Respondents.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: FERNANDEZ and GOULD, Circuit Judges, and SEDWICK,[**], District Judge.

## MEMORANDUM [***]

Petitioner Milton A. Carrera, a native and citizen of Colombia, appeals the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

On June 20, 2002, Carrera submitted a timely application seeking asylum and withholding of removal. In his application, he indicated that he was afraid for his life because if he were returned to Colombia he feared that the Fuerzas Armadas Revolucionarias de Colombia ("FARC") would forcibly recruit him. He also indicated in his initial application that no one in his family, including himself, had ever been associated with a political group or student organization. On April 5, 2003, Carrera filed an updated asylum application and written declaration. This application included new details about his father's political activities, a purported attempt on his father's life, and his own involvement in his school's democratic project and student protests against the FARC. Carrera claimed that he had "received thousands of death threats by the FARC" and that his father had also received threatening phone calls from them.

Carrera also claimed that FARC members had approached him in person on three occasions. On one of those occasions, Carrera stated, a FARC member told him that if he continued to make trouble, they would kidnap him and force him to join their ranks, and if he refused, they would kill him. Carrera later submitted several documents supporting his application including a letter from a public defender in Bogota, Colombia, Hayleen Albornoz Ferreira, stating that the FARC had tried to conscript Carrera.

On May 22, 2003, Carrera appeared before Immigration Judge Michael W. Straus ("the IJ"). Carrera testified that both he and his father had been involved in political activities against the FARC and that he had received death threats from the FARC. He also testified to three encounters with the FARC. Carrera explained that he did not include any of the facts regarding the FARC's threats to kill him on his original asylum application or discuss them during his asylum interview because he "didn't know" and "was afraid."

On cross-examination, Carrera testified both that the FARC had threatened to recruit him and that they never had done so. He also stated that he had not gone to the police about these threats because he did not think the police would protect him.

Finally, the IJ asked Carrera why the letter he submitted in support of his application would mention that the FARC tried to recruit Carrera, that he refused, and that, as a result, he suffered threats, if the FARC had never asked Carrera to enlist. Carrera responded that it was a misunderstanding.

At the hearing, Carrera's attorney requested that he be permitted to call Christian T. Miller, a Colombia-based reporter for the Los Angeles Times. The IJ did not take his testimony. Miller would have testified that the FARC kidnap and kill youth throughout Colombia. Carrera's at-

[**] The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

[***] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

torney also stated that if it was necessary, he had a potential character witness, Carrera's aunt. The IJ responded "I don't think I need a character witness, I don't think that's going to help ... I have no problem with his character."

That same day, the IJ denied Carrera's asylum application, withholding of removal, and relief under CAT.[1] The IJ determined that Carrera was not credible for two reasons. First, his testimony at the hearing "made it very clear" that the FARC neither asked him to enlist nor attempted to recruit him to their ranks but his asylum application and the evidence he submitted to support it indicated that the FARC had attempted to enlist him. Second, he admitted to lying to the asylum officer during his interview. The IJ concluded that Carrera had not adequately explained these discrepancies. Carrera timely appealed to the BIA. The BIA adopted and affirmed the IJ's decision. Carrera filed his petition for review.

Carrera argues that the evidence supports his claims for asylum, withholding of removal, and relief under CAT. He challenges the IJ's and BIA's adverse credibility determinations and argues that the IJ denied him his due process right to a full and fair hearing by refusing to hear testimony from two witnesses. The government urges us to find that substantial evidence supports the adverse credibility determination and that Carrera did not exhaust his due process claim.

"When the BIA adopts an IJ's decision, but also adds its own reasoning, as occurred here, we review both decisions." *Kaur v. Ashcroft,* 388 F.3d 734, 736 (9th Cir.2004). In such cases, we review for substantial evidence the IJ's and BIA's determinations that an applicant has failed

to establish qualification for asylum. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Kaiser v. Ashcroft,* 390 F.3d 653, 657 (9th Cir.2004). To prevail under the substantial evidence standard, "the applicant must show that the evidence not only supports, but compels the conclusion that the asylum decision was incorrect." *Kataria v. INS,* 232 F.3d 1107, 1112 (9th Cir.2000). We also use the substantial evidence standard to review the IJ's determination that an applicant has failed to establish qualification for withholding of removal or relief under CAT. *Kumar v. Gonzales,* 444 F.3d 1043, 1049 (9th Cir.2006).

We review de novo a petitioner's due process claim. *Kaur,* 388 F.3d at 736.

■ We must uphold an IJ's credibility determination when one of the grounds given for the IJ's adverse credibility determination going to the heart of the application is supported by substantial evidence. *See Wang v. INS,* 352 F.3d 1250, 1259 (9th Cir.2003). We conclude that at least one of the IJ's stated reasons supports an adverse credibility determination. Carrera declared in his initial and revised written asylum applications that the FARC were trying to conscript him. But when he testified at the hearing, he claimed that the FARC never asked him to join them. When asked to explain the discrepancy, Carrera merely responded that it was a misunderstanding.

Whether the FARC were threatening Carrera to conscript him or to silence his political voice goes to the heart of his asylum claim. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004). Carrera's asylum application alleges persecution on account of his political opinion, and if the FARC

1. Carrera did not submit an application for relief under CAT, but the IJ and BIA nevertheless construed the application as if he did.

were threatening Carrera simply to increase their numbers, then they were not persecuting him on account of his political opinion. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1151 (9th Cir.2000) (forced recruitment without evidence of a discriminatory purpose is insufficient to compel a finding of persecution on account of a political opinion); *see also INS v. Elias–Zacarias,* 502 U.S. 478, 482–83, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). His later testimony enhanced his application by connecting the FARC threats with his political opinion, going to the heart of his asylum claim. *See Singh v. Ashcroft,* 362 F.3d 1164, 1171 (9th Cir.2004).

Carrera offered two explanations for the inconsistencies in his testimony, initial application, and the public defender's letter: (1) it was a misunderstanding; and (2) he and his family assumed that the FARC were calling to attempt to enlist him because that is a common practice. These justifications are not adequate. Carrera did not merely say that the FARC were trying to enlist him, he went further and said that he knew they were trying to enlist him because they had told him so both on the phone and in person. When he recanted these statements at his hearing, Carrera revealed that he had not been truthful in the application. Substantial evidence supports the IJ's adverse credibility determination.

■ Next, we consider Carrera's due process claims. The government argues that we should not review Carrera's due process claim because he did not raise it before the BIA. We agree that he failed to raise his due process claim regarding Miller's testimony. We review his claim regarding his aunt's testimony.

Neither Carrera's notice of appeal to the BIA nor his brief argued that the IJ's exclusion of Miller's live testimony violated his due process rights. Instead, his notice of appeal stated: "due process rights were violated where the IJ demonstrated hostility and a predisposition to discredit [him]." While raising an issue in the notice of appeal can satisfy the exhaustion requirement, *Ladha v. INS,* 215 F.3d 889, 903 (9th Cir.2000), this notice of appeal was not adequately specific so as to put the BIA on notice concerning the current claim about exclusion of Miller's testimony. *See Zara v. Ashcroft,* 383 F.3d 927, 930 (9th Cir. 2004) (Petitioner must specify issues which form the basis of the appeal).[2]

In his brief to the BIA, Carrera did specifically argue that the IJ had violated his due process rights by not allowing him to present his aunt as a witness. Thus, he has exhausted this claim. *See Zara,* 383 F.3d at 930.

However, the record does not demonstrate that the immigration judge prevented Carrera's aunt from testifying. Rather, it appears the IJ said he didn't need the aunt as a witness, and Carrera's lawyer reserved the issue without later proffering her testimony. But even assuming that the IJ prevented the aunt's testimony, Carrera does not establish prejudice. *Reyes–Melendez v. INS,* 342 F.3d 1001, 1006 (9th Cir.2003) ("The alien must also show prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation."). Carrera's aunt was not a percipient witness. She could not clear up the inconsistencies in Carrera's testimony. She might have had good things to say about Carrera, but

2. We also do not find his petition falls within an exception to the exhaustion requirement. We have jurisdiction over a petitioner's unexhausted due process claim when the claim does not involve procedural errors. *Vargas v. INS,* 831 F.2d 906, 907–08 (9th Cir.1987). Here, Carrera's claim alleges a procedural error.

a general statement on his character would not reduce the concern that he was inconsistent and not believable in his FARC testimony and asylum applications. We conclude that there was no prejudice and no due process violation.

PETITION FOR REVIEW DENIED.